THE STATE, EX REL. HENRY BECKETT, v. COLLECTOR OF
THE TOWNSHIP OF BORDENTOWN.

An alien, having his domicil in this state, is not exempt from taxation
for military purposes.

*Certiorari* to the collector of the township of Bordentown.
In matter of taxation.

From the state of the case agreed upon by the parties, the
following facts appear :

In the assessment of the tax of the year 1865, a certain sum
was imposed on the property of the prosecutor, Mr. Beckett,
towards raising moneys for bounties granted by the authorities
of the township of Bordentown, to volunteers, to encourage
their enlistment, in order to fill the quota of men required to
be furnished by the said township for the military service of
the United States in the late war, under the acts passed in
that behalf by the legislature of New Jersey, authorizing the
raising and paying of said bounties by said township; also a
county tax charged against him was, in part, made up for
raising moneys to pay the interest on certain bonds issued by
the board of chosen freeholders of the county of Burlington,
in order to pay bounties to volunteers enlisted to fill up the
quota of soldiers furnished by said county, in pursuance of
acts of the legislature in that behalf; that the object of raising
volunteers, as aforesaid, was to obviate a draft from the militia
of said township, and of said county, respectively, for the
purpose of raising said quotas, which draft would otherwise
have been made under the authority of the United States ;
that the prosecutor, Mr. Beckett, was a natural born subject
of the United Kingdom of Great Britain and Ireland, and
has always been such, having never been naturalized, nor
declared any purpose or intention so to be, though having for
many years resided in this state, and owning considerable real
and personal estate therein.

State, ex rel. Beckett, v. Collector of Bordentown.

The case was argued before the CHIEF JUSTICE and Justice BEDLE.

For the prosecutor, *Joseph P. Bradley.*

For the defendant, *James Wilson.*

The opinion of the court was delivered by

THE CHIEF JUSTICE. The tax in dispute, in this case, was imposed in order to defray the expense incurred in furnishing bounties to promote volunteering during the late war, into the armies of the United States. The object was to avoid a draft. This taxation has been made by virtue of the authority conferred by legislative enactment, on the inhabitants of the township of Bordentown. It is not said that the authority thus given has not been, so far as relates to legal formality, properly exercised, but the argument is that the prosecutor, under a lawful construction of the statutes in question, cannot be embraced within their operation. It is insisted that the acts referred to do not relate to aliens, and that as the prosecutor belongs to that class, he cannot be affected by them.

One ground of argument, in favor of this exclusive construction, was that the military laws of the United States were founded in the theory of imposing the obligation of service in its levies, only on the native born and naturalized citizens. But admitting this to be so, it is not perceived that such fact should have much weight in the construction of the statutes now drawn in question. Exemption of the alien from compulsory military service, might, obviously, be often just, and many times politic; while the immunity of the property of such alien from taxation to contribute to the support of the same military service, might be both unjust and impolitic. Neither the one privilege or the other, can be claimed by the foreigner, under all circumstances, by force of the law of nations, as of strict right, *stricto jure;* such privilege, when accorded, is frequently an act of grace,

or extreme comity. It appears, therefore, to follow, that while it may be true that the national government, in a prudent desire to avoid any cause of umbrage to foreign nations, might on this account exclude the subjects of other powers from her drafts, that quite different considerations may have actuated the legislature of this state, in making an equitable distribution of the burthens of the war on the property within her own borders.

Nor can we yield to the argument, that the taxation of a foreign born inhabitant of this state, who has not been naturalized, is a disregard of the rules of international comity, and that such fact should induce the court, by construction, to limit the natural effect of the language of these statutes. We cannot assent either to these premises, nor to the conclusion from them. The prosecutor in this case is the owner of much valuable real estate, situated in this state; he has resided here and been protected by our laws for many years; it is not pretended that he has had, or now has, any intention to return to his own country at any fixed period; under these circumstances his legal domicil is evidently in this state.

The following is an approved definition of a domicil, according to the international code: "A residence at a particular place, accompanied with positive or presumptive proof of continuing there for an unlimited time." (*Dessebats* v. *Berquier*, 1 *Binn.* 349; *Story's Confl. Laws*, § 43.) By the establishment of his domicil here, the prosecutor became invested with most of the rights, and subject to most of the duties, of a native born citizen. "Such domiciled citizen," says Mr. Secretary Marcy, in Koszta's case, "pays the same price for his protection as the native born or naturalized citizens pay for theirs. He is under bonds of allegiance to the country of his residence, and if he breaks them he incurs the same penalties; he owes the same obedience to the civil laws, and must discharge the duties they impose upon him; his property is in the same way, and to the same extent as theirs, liable to contribute to the support of the govern-

ment. In war he shares equally with them the calamities which may befall the country; his services may be required for its defence; his life may be perilled and sacrificed in maintaining its rights and vindicating its honor. In nearly all respects his and their condition as to the duties and burthens of government are undistinguishable." This being the legal position of the prosecutor, and such being his rights and liabilities, it is, we think, clear that no presumption can arise against the intent of the legislature to embrace all persons of his class in the scheme of taxation in question. We may add further, that if the imposition of this burthen were, in a nice sense, a violation of the rule of international comity, it would not afford ground on which this court could refuse to give full effect to the clearly expressed meaning of a statute of the state. Such a consideration, if well founded, might weigh with the legislature, but not with the courts. In the statutes before us, in this case, the tax in question is authorized to be laid " on all the taxable property in said township." This language is perfectly clear; and it is equally clear that it embraces the property of the prosecutor.

In our opinion the assessment in question should be sustained.